**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON L. A.,<br>(A-Number: 221-492-249)<br><br>          Petitioner,<br><br>   v.<br><br>CHRISTOPHER CHESTNUT, WARDEN<br>OF THE CALIFORNIA<br>CITYDETENTION FACILITY, et al,,<br><br>          Respondents. | No. 1:26-cv-02834 JLT EGC (HC)<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS IN PART<br>(Doc. 9)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS; DIRECTING<br>RESPONDENTS TO PROVIDE AN INITIAL<br>CUSTODY DETERMINATION AND BOND<br>HEARING; AND DIRECTING CLERK OF<br>COURT TO ENTER JUDGMENT AND<br>CLOSE CASE |

Ramon L.A. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. According to the undisputed allegations, Petitioner is a citizen and national of Mexico who entered the United States without authorization in 1998, when he was 24 years old. (Doc. 1 at 4.) Petitioner "was not apprehended by and did not otherwise make any contact with U.S. immigration officers at the time of his entry." (*Id*.) He is married to a U.S. lawful permanent resident and has three U.S. citizen children, including one child with significant learning disabilities. (*Id*.) It appears that the first time Petitioner had any interaction with the immigration system was on January 18, 2026, when he was detained by Immigration and Customs Enforcement in New Jersey. (*Id*. at 2.) Petitioner asserts he has "no disqualifying

1

criminal convictions." (*Id*. at 5.) Petitioner indicates that he has now filed an Application for Cancellation of Removal, Form EOIR-42B, based on the exceptional hardship that his family will face if he is forced to return to Mexico. (*Id*. at 4–5.)

Respondents' three-page boilerplate response to the Petition does not provide any information specific to Petitioner and does not even attempt to suggest Petitioner is a flight risk or danger to the community. (*See* Doc. 7.)

On April 23, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the Petition and require Respondents to immediately release Petitioner. (Doc. 9.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 9.) Respondents timely filed boilerplate objections. (Doc. 10.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court agrees with the Findings and Recommendations that Petitioner is entitled to habeas relief. However, the Court departs as to the appropriate remedy because Petitioner has not yet been formally evaluated by any immigration authority regarding his flight risk or danger to the community. For this reason, Petitioner's circumstances are materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *See, e.g.*, *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 (E.D. Cal. Mar. 6, 2026); *Chubb v. Current or Acting Field Off. Dir*., , No. 1:26-CV-03251 JLT EPG (HC), 2026 WL 1506858 (E.D. Cal. May 29, 2026). In addition, the Court will require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination.

Thus, the Court Orders:

1. The Findings and Recommendations issued on April 23, 2026, (Doc. 9), are **ADOPTED** in part.

2. The petition for writ of habeas corpus is **GRANTED**.

3. **Within 48 hours of this order**, Respondents **SHALL** undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

4. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

5. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[1]

7. The Clerk of Court is directed to serve the California City Detention Center with a

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

copy of this Order.

8.  The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

UNITED STATES DISTRICT JUDGE